UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TROY BRITT,

|  |  |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| -against- | Jury Demand |
|  | 17 CV 931 (UA) |
| THE CITY OF NEW YORK, P.O. VICTOR, P.O. ALONZO, P.O. NEVLING, P.O. MACIAS, NYC DEPARTMENT OF CORRECTIONS, JOHN AND JANE DOE 1-5 | |
| Defendants. | |

-----------------------------------------------------------------x

Plaintiff TROY BRITT by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Bronx and City and State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendants Victor, Alonzo, Nevling and Macias ("named defendants") are or were members of the NYPD and acted under the color of state law and are sued in their individual and official capacities.

9. Defendant NYC DOC is in charge of the Anna M. Kross Correctional Center ("AMKC"). Defendants John and Jane Does 1-4 were employed at the AMKC at the time of the incident and acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

10. On May 18, 2014, plaintiff was arrested by the individually named NYPD officers on the rooftop in the vicinity of 1113 Findley Avenue in Bronx, New York.

11. The NYPD officers did not recover anything from plaintiff's person but were frustrated and insisted that plaintiff had a "stash" earlier.

12. When plaintiff denied that he had any contraband on him, the NYPD defendants stripped plaintiff to his underwear and started doing a full body anal cavity search out in public.

13. When the defendants still did not recover anything, they handcuffed plaintiff's hands so tightly that skin started to peel off of his wrists.

14. Defendants then smashed plaintiff's face on the ground that had rocks and gravel.

15. Even though plaintiff was not resisting, defendants punched, kicked and stomped on his body with their fists and boots.

16. As a result of the unnecessary, unprovoked and unreasonable use of excessive force, plaintiff suffered a fractured eye-socket, two black eyes with visible presence of blood, cracked, swollen and bloody lips and chin, and scrapes and bruises all over his body from being kicked and stomped and punched on while being nearly naked.

17. Plaintiff repeated to the NYPD defendants that he had a recent surgery on his stomach. However, the defendants ignored and continued their beating re-opening the wound that had previously been treated as part of an unrelated stomach surgery.

18. Plaintiff was transported to the 44th precinct and despite the visible nature

of his severe injuries, he was denied medical attention and taken to Central Booking.

19. At arraignment, the Criminal Court Judge saw the injuries on plaintiff and released him ROR. Upon release, plaintiff sought his own medical attention.

20. On May 27, 2014, plaintiff was re-arrested and eventually detained at Rikers Island to the AMKCC unit.

21. While at AMKCC, plaintiff was denied any medical care by the NYC DOC and John and Jane Does 1-5.

22. The NYC DOC defendants informed plaintiff that they did not have the proper equipment to treat his obviously visible injuries.

23. Plaintiff continued to endure pain until he posted bail on February 19, 2015 and went back to seek medical attention on his own.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force/Unlawful Search)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25. There was no reason for the excessive or the type of force used on plaintiff. plaintiff suffered a fractured eye-socket, two black eyes with visible presence of blood, cracked, swollen and bloody lips and chin, and scrapes and bruises all over his body from being kicked and stomped and punched on while being nearly naked. Plaintiff repeated to the NYPD defendants that he had a recent surgery on his stomach. However, the defendants ignored and continued their beating re-opening the wound that had previously been treated as part of an unrelated stomach surgery.

26. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive and unreasonable use of force was violated and he sustained serious and permanent injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deliberate Indifference to Medical needs/Cruel and Unusual Punishment)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. Plaintiff suffered serious injuries.

29. Plaintiff had a broken orbital fracture, skin falling off his wrists, two bloodied black-eyes, surgical wound in his stomach that was re-opened, various other visible and obvious injuries. However, despite being aware of these signs and symptoms, the individual defendants ignored plaintiff's pleas to take him to a medical provider.

30. Defendants were deliberately indifferent to plaintiff's medical needs despite being aware of the injuries that they themselves caused.

31. Additionally, when plaintiff was brought to AMKCC, the John and Jane Doe defendants failed to give him adequate treatment stating that they did not have the medical resources to treat him.

32. Individual defendants' infliction of injuries on plaintiff and then the failure to adequately treat his condition constituted deliberate indifference and cruel and unusual punishment and plaintiff suffered constitutional injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34.     NYPD Defendants observed each other inflict unnecessary and unreasonable force upon plaintiff.

35.     Defendants had an opportunity to intervene during the assault on plaintiff and prevent further harm but failed to do so. In addition, these defendants failed to intervene and provide medical treatment to plaintiff. As a result, plaintiff's injuries were exacerbated.

## AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37.     Defendant City of New York, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to the rights of individuals such as plaintiff.

38.     Defendant City was aware that the individual defendant would face a scenario as described in this complaint on a regular basis but failed to train the individual defendants. In addition, defendant City failed to have checks and balances to ensure that if in fact there were policies in place that the individual defendants failed to comply with, these individuals would be disciplined or re-trained. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39.     Defendant City also failed to train its employees at AMKCC when they come across situations as described in the complaint. The failure to train, re-train or

6

oversee that the employees complied with the Due Process and with existing policies caused injuries to individuals like plaintiff.

40. Defendant City's deliberate indifference to the rights of individuals like the plaintiff caused constitutional injuries and as a result plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount One Million Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
      February 10, 2017

                                        Vik Pawar, Esq.
                                        20 Vesey Street, Suite 1210
                                        New York, New York 10007
                                        (212) 571-0805

                                        By: _____
                                        Vik Pawar (VP9101)
                                        Robert Blossner (RB0526)
                                        *Attorneys for Plaintiff*