UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TROY BRITT,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. STEPHEN PIERCE,
P.O. JASON TORRES, P.O. ALONZO MACIAS,
P.O. VINCENT NEVLING, SGT. DONALD GANNON,
SGT. ANTHONY LOMBARDO, LT. JUN ZHEN,

                    Defendants.
------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

Jury Demand

17 CV 931 (AJN)

Plaintiff TROY BRITT by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

**JURISDICTION**

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Bronx and City and State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendants P.O. Macias, P.O. Nevling, P.O. Pierce, P.O. Torres, Sgt. Gannon, Sgt. Lombardo, and Lt. Zhen ("named defendants") are or were members of the NYPD and acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9. On May 18, 2014, plaintiff was arrested by defendants Macias, Nevling, Pierce and Torres (P.O.'s) on the rooftop of 166th street and Findlay Avenue in Bronx, New York.

10. The P.O.'s stripped plaintiff to his underwear and attempted to look for a

2

gun that they alleged plaintiff had in his possession.

11.     The P.O.'s did not recover anything from plaintiff's person so they proceeded to perform a full body anal cavity search out on the roof in public.

12.     When the P.O.'s still did not recover anything, they handcuffed plaintiff's hands so tightly that skin started to peel off of his wrists. At this point defendant Zhen ("Zhen") arrived on the scene.

13.     The P.O.'s and Zhen then smashed plaintiff's face on the floor of the roof that had rocks and gravel.

14.     Even though plaintiff was not resisting, defendants punched, kicked and stomped on his body with their fists and boots.

15.     As a result of the unnecessary, unprovoked and unreasonable use of excessive force, plaintiff suffered a fractured eye-socket, two black eyes with visible presence of blood, cracked, swollen and bloody lips and chin, and scrapes and bruises all over his body from being kicked and stomped and punched on while being nearly naked.

16.     Plaintiff repeated to the foregoing defendants that he had a recent surgery on his stomach. However, these defendants ignored and continued their beating re-opening the wound that had previously been treated as part of an unrelated stomach surgery.

17.     Plaintiff was then taken from the roof in his underwear in public view inside a squad car and transported to the 44th precinct.

18.     At the precinct, plaintiff was presented to the desk sergeants defendants Gannon and Lombardo.

19. These defendants and Zhen had a duty to immediately review the injuries inflicted upon plaintiff and send him for medical treatment.

20. However, they disregarded their roles, failed to provide any medical treatment to plaintiff and forced plaintiff to linger and suffer in the jail cell and during his trip to Central Booking thereby prolonging his pain and suffering from the assault by the defendants.

21. At arraignment, plaintiff was released ROR.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force/Unlawful Search)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

23. There was no reason for the excessive or the type of force used on plaintiff. Plaintiff suffered a fractured eye-socket, two black eyes with visible presence of blood, cracked, swollen and bloody lips and chin, and scrapes and bruises all over his body from being kicked and stomped and punched on while being nearly naked. Plaintiff repeated to the NYPD defendants that he had a recent surgery on his stomach. However, the defendants ignored and continued their beating re-opening the wound that had previously been treated as part of an unrelated stomach surgery.

24. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive and unreasonable use of force was violated and he sustained serious and permanent injuries to his body.

4

## AS AND FOR A SECOND CAUSE OF ACTION
(Deliberate Indifference to Medical needs/Cruel and Unusual Punishment)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Plaintiff suffered serious injuries and was in serious pain and in need of urgent medical treatment.

27. Plaintiff had a broken orbital fracture, skin falling off his wrists, two bloodied black-eyes, surgical wound in his stomach that was re-opened, various other visible and obvious injuries that caused extreme pain to plaintiff and required urgent care. However, despite being aware of these signs and symptoms, the individual defendants ignored plaintiff's pleas to take him to a medical provider or otherwise failed to provide him with medical treatment.

28. Defendants were deliberately indifferent to plaintiff's medical needs despite being aware of the injuries to plaintiff's body that they themselves caused. Plaintiff's injuries posed an unreasonable risk of serious damage and serious pain to his mental and physical health and the injuries and the assault expanded beyond all boundaries of decency.

29. Individual defendants intentionally caused the injuries to the plaintiff's body and imposed the grave medical condition upon plaintiff that required urgent care. The injuries shocked the conscience and the defendants and intentionally and recklessly failed to act with reasonable care to mitigate the risk even though they knew or should have known that plaintiff's condition posed a serious risk to his health and safety and permanent injury.

30. The infliction of injuries on plaintiff's body and then the failure to adequately treat those injuries constituted deliberate indifference and cruel and unusual punishment by the defendants and plaintiff suffered constitutional injuries as described in the complained which caused extreme pain and permanent injury to plaintiff and required urgent care.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Defendants, who are law enforcement officers, observed the infliction of unnecessary and unreasonable force upon plaintiff. These defendants had an affirmative duty to intervene to protect violation of constitutional rights and injuries to plaintiff's body as detailed in the foregoing paragraphs of the complaint by other NYPD defendants (law enforcement officers) in their presence.

33. Defendants knew or observed that excessive force was being used on plaintiff by one of their fellow NYPD officers and had an opportunity to intervene during the assault on plaintiff and failure to get plaintiff urgent medical treatment to prevent further pain and harm but failed to do so. As a result, plaintiff suffered constitutional injuries as described in the foregoing paragraphs on the complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Defendants Gannon and Lombardo as Sergeants of the NYPD were

responsible for the supervision of the defendant police officers.

36. Defendant Zhen as a Lieutenant of the NYPD was responsible for the supervision of the defendant sergeants and of the defendant police officers.

37. Defendants Gannon and Lombardo participated in violating plaintiff's constitutional rights by being deliberately indifferent to his urgent medical needs when plaintiff was brutally attacked by the defendant officers and Zhen.

38. Defendants Gannon and Lombardo who as desk sergeants screen all arrestees brought into the precinct were aware of the serious injuries to plaintiff but failed to take any corrective actions.

39. Defendant Zhen participated in the assault, along with the four defendant officers, on plaintiff which resulted in extreme pain and serious injury to plaintiff.

40. Defendant Zhen further failed to intervene and prevent the ongoing assault on plaintiff after becoming aware that plaintiff was being beaten by the defendant officers.

41. Defendant Zhen was further deliberately indifferent to plaintiff's urgent medical needs while he lingered in prolonged pain and suffering.

42. Defendant Zhen whose subordinates including the two defendant sergeants and the four defendant police officers failed to take any remedial action to ensure that his subordinates took action to alleviate plaintiff's pain and suffering.

43. Defendants Gannon, Lombardo and Zhen failed to act on information that their respective subordinates had committed the assault and failed to render medical care to plaintiff as plaintiff continued to endure extreme pain and needed urgent medical care.

44. As a result of the foregoing, defendants are liable under the theory of

7

supervisory liability because their actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount One Million Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 19, 2017

Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*

8