```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 31 2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY BRITT,

        Plaintiff,

-against-                        17-CV-931 (AJN) (BCM)

CITY OF NEW YORK, et al.,          **ORDER**

        Defendants.

**BARBARA MOSES, United States Magistrate Judge.**

        For the second time in less than a month, plaintiff's counsel Vic Pawar, Esq. has filed confidential personal information on the public docket of this action without redaction, in violation of applicable rules, and failed promptly to redress the problem when it was called to his attention. Since gentler efforts to encourage compliance were not effective, this time Mr. Pawar must pay a monetary sanction to the Clerk of Court.

        On September 26, 2018, attorney Pawar improperly filed confidential New York Police Department disciplinary records concerning two of the individual police officer defendants in this action on the public docket in violation of Local Civil Rule 83.10 Ex. D. *See* Order dated Oct. 17, 2018 (Oct. 17 Order) (Dkt No. 112), at 1. When the problem was called to his attention by defendants' counsel, Mr. Pawar requested that the disciplinary records be sealed (Dkt. No. 102), but failed to comply with §§ 21.8(a) and (c) of this District's Electronic Case Filing Rules & Instructions, which instruct attorneys who mistakenly file sensitive or confidential information as follows:

    a.    Contact the ECF Help Desk via email at helpdesk@nysd.uscourts.gov, or by telephone at (212) 805-0136, Monday through Friday during normal Clerk's Office hours. The filing will be temporarily sealed and made invisible to the public.

        . . . .

    c.    Electronically file a redacted version of the mistaken filing.

Oct. 17 Order, at 3.

Rather than impose a monetary sanction on Mr. Pawar for what he characterized as an "honest mistake" (Dkt. No. 105), the Court directed him to re-read Local Civil Rule 83.10 and the ECF Rules & Instructions and to certify, in writing, that he had done so. Oct. 17 Order at 5. The Court warned: "If there are similar violations of the Protective Order or any other Court Orders in the future, this Court will not hesitate to impose monetary or other just sanctions." *Id*.

On October 24, 2018, Mr. Pawar certified, in writing, that he had re-read Local Civil Rule 83.10 and the ECF Rules & Instructions. (Dkt. No. 113.)

That same day, Mr. Pawar filed on the public docket of this action a letter addressed to opposing counsel (Dkt. No. 114) along with several attachments, one of which was a fully-executed medical release, signed by plaintiff Troy Britt, revealing plaintiff's full social security number. (Dkt. No. 114-1, at ECF page 3.) This filing violated, *inter alia*, Fed. R. Civ. P. 5.2(a) (public filings may include only the last four digits of an individual's social security number), Local Civil Rule 5.2(a) (parties must follow the ECF Rules & Instructions), and § 21.3 of the ECF Rules & Instructions, which reiterates that all but the last four digits of an individual's social security number must be redacted from publicly filed documents. *See also id*. at § 21.2 ("It is the sole responsibility of counsel and the parties to be sure that all documents comply with the rules of this Court requiring redaction of personal identifiers. Neither the judge nor the Clerk of Court will review documents for compliance with these rules.").

On October 25, 2018, defendants' counsel filed a letter-application seeking an extension of the deadline for the parties to submit their proposed Joint Pretrial Order. (Dkt. No. 119.) The letter also noted Mr. Pawar's newest confidentiality violation. (*Id*.) On October 26, 2018, Mr. Pawar filed a responding letter addressing the scheduling issue (Dkt. No. 120), but did not mention the confidentiality violation.

It has now been one full week since Mr. Pawar improperly filed his client's unredacted social security number on the public docket of this action, and six days since opposing counsel brought the problem to his attention. Notwithstanding this Court's recent rebuke for a similar transgression, and despite his compelled rereading of the ECF Rules and Instructions, Mr. Pawar has done nothing to correct his error. He did not request that the offending document be temporarily sealed.  He did not request a sealing order from the Court.  And he did not refile the document in redacted form.

As this Court has previously noted, these are not the first mistakes that Mr. Pawar has made in this case. *See* Oct. 17 Order, at 4.  Moreover, he has now made the same mistake twice in a row – risking real harm to the parties whose information he so cavalierly divulged – after being warned that a repeat violation would be met with "monetary or other just sanctions." *Id*. at 5. In order to impress on Mr. Pawar that actions have consequences – and to deter further misconduct –  it is hereby ORDERED that Mr. Pawar shall pay a sanction of $500 to the Clerk of Court, no later than **November 9, 2018**, and shall certify to this Court, in writing, that he has done so. The sanction shall be paid personally by Mr. Pawar and shall not be charged to or reimbursed by his client, nor included in any fee or expense application he may later make to this or any other court.

It is further ORDERED that Mr. Pawar's letter at Dkt. No. 114 is hereby STRICKEN from the record of this action. Mr. Pawar shall refile that letter, no later than **November 9, 2018**, after first redacting the exhibits thereto in compliance with Fed. R. Civ. P. 5.2(a) and § 21.3 of the ECF Rules & Instructions.

Dated: New York, New York  
       October 31, 2018

**SO ORDERED.**

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**