UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROY BRITT,<br><br>            Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK, P.O. STEPHEN PIERCE, P.O. JASON TORRES, P.O. ALONZO MACIAS, P.O. VINCENT NEVLING, SGT. DONALD GANNON, SGT. ANTHONY LOMBARDO, and LT. JUN ZHEN,<br><br>            Defendants. | DECLARATION OF SUZANNE E. ARIBAKAN IN SUPPORT OF WORK PERFORMED AND COSTS EXPENDED IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO COURT ORDER DATED FEBRUARY 20, 2019 (DKT. ENTRY NO. 181)<br><br>17 CV 931 (AJN) (BCM) |

  I, **SUZANNE E. ARIBAKAN**, declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury:

  1. I am a Senior Counsel in the New York City Law Department's Special Federal Litigation Division and the lead attorney assigned to represent the City and the seven individual defendants Police Officer Stephen Pierce, Police Officer Jason Torres, Police Officer Alonso Macias, Police Officer Vincent Nevling, Sergeant Donald Gannon, Sergeant Anthony Lombardo, and Lieutenant Jun Zhen (collectively "Defendants") in the matter of <u>Britt v. City of New York, et al.</u>, 17 CV 931 (AJN) (BCM) As such, I am familiar with the facts stated below and submit this declaration to place the relevant work performed and costs expended on the record in support of Defendants' motion for attorneys' fees and costs pursuant to the Court's Sanctions Order dated February 20, 2019. <u>See</u> Dkt. Entry No. 181.

  2. As more specifically detailed in the supporting Declaration of Suzanne E. Aribakan, Defendants seek reimbursement for the labor time and costs expended by two

1

attorneys who reported a total of **50.25 hours** expended on the matter concerning the withheld, belatedly produced Photographs and ensuing three letter-motions. See Aribakan Decl. at ¶¶ 4-7, 10-11 and Exhibits A and B1-B4, annexed thereto.

3. Defendants request attorneys' fees and costs for time expended in motion practice and depositions needed to investigate the wrongfully withheld and belatedly produced Photographs and all metadata associated with it. This includes time expended in reviewing the case file, researching and drafting three separate letter-motions seeking various forms of relief, reviewing Plaintiff's letter-oppositions and drafting responses, preparing for and taking of two non-party depositions, and preparing for and appearing at two court conferences. See Dkt. Entry No. 181.

4. On August 21, 2018, the undersigned researched, drafted, and filed a detailed letter-motion (consisting of 6 substantive pages and 60 pages of various exhibits) seeking, among other things, (1) the deposition of Eric Levy, Esq. (Plaintiff's former counsel) based on his transfer of Plaintiff's case file related to the underlying lawsuit and the 15 Photographs (depicting Plaintiff's purported injuries) On March 10, 2016 to Plaintiff's current counsel, Vik Pawar, Esq. who withheld them for approximately 2 ½ years (or until August 15, 2018); (2) a supplement of Plaintiff's expert (Dr. King) report with information concerning the photographs she examined in connection with her report; and (3) the metadata of the 15 Photographs. See Dkt. Entry No. 82. (approximately **8.2 hours**)

5. On August 22, 2018, the Court issued an Order directing Plaintiff to supplement his expert Dr, King's report no later than August 24, 2018, on pain of sanctions, which the undersigned reviewed. See Dkt. Entry No. 83. (approximately **.25 hrs**)

6. On August 22, 2018, Plaintiff's counsel, Vik Pawar filed his opposition to Defendants' August 21, 2018 letter-motion (consisting of 4 substantive pages and 15 pages of various exhibits), in part, on the grounds that Dr. King will supplement her report in one to two days and that the deposition of Eric Levy, Esq. (Plaintiff's former counsel) is not necessary and is harassing, all of which was reviewed by the undersigned. See Dkt. Entry No. 84. (approximately **.50 hrs**).

7. On August 22, 2018, the undersigned drafted and filed an one page affidavit of service certifying the mailing of her August 21, 2018 letter-motion to the business address of Eric Levy, Esq. as required by the Court. See Dkt. Entry No. 85 (approximately **.25 hrs**).

8. On August 24, 2018, the undersigned drafted and filed a one page affidavit of service certifying that the Court's August 22, 2018 Order was sent to the email address of Eric Levy, Esq. as required by the Court. See Dkt. Entry No. 86. (approximately **.25 hrs**).

9. On August 24, 2018, Plaintiff's counsel Vik Pawar filed a one page letter confirming compliance with the Court's August 22, 2018 Order requiring that Plaintiff supplement Dr. King's report by August 24, 2018, which the was reviewed by the undersigned. See Dkt. Entry No. 87.

10. On August 28, 2018, Eric Levy, Esq. filed his opposition to Defendants' August 21, 2018 letter-motion (consisting of 2 substantive pages and 9 pages of various exhibits) explaining his background concerning the chain of custody of the 15 Photographs (and its transfer to Vik Pawar on March 10, 2016), his denial of knowledge of the Photograph's metadata and his opposition to Defendants' request to take his deposition, all of which was reviewed by the undersigned. See Dkt. Entry No. 88.

3

11. On August 31, 2018, the Court issued a one page Order scheduling a court conference on September 10, 2018 concerning Defendants' August 21, 2018 letter-motion to compel and the 15 Photographs and related metadata issues and original format, which the undersigned reviewed. See Dkt. Entry No. 89.

12. On September 6, 2018, Plaintiff's counsel Vik Pawar filed a letter (consisting of 3 substantive pages and 5 pages of various exhibits), identifying 2 new witnesses (Plaintiff's Legal Aid attorneys - Alison Lowey, Esq. and Sharon Griffin, Esq.) pertaining to the 15 Photographs, associated metadata, and the depicted injuries purportedly stemming from Plaintiff's May 18, 2014 incident with Defendants, which was reviewed by the undersigned. See Dkt. Entry No. 90.

13. On September 7, 2018, Defendants drafted and filed a response to Plaintiff's September 6, 2018 letter (consisting of 4 substantive pages and 5 pages of various exhibits) noting Plaintiff's counsel Vik Pawar's new excuses for withholding the 15 Photographs and of his two new witnesses to Plaintiff's purported injuries and the Photographs at issue. See Dkt. Entry No. 91 (approximately **4.25 hrs**)

14. On September 10, 2018, a hearing was held at 10:30 a.m., following which this Court issued a three page Order granting Defendants' August 21, 2018 letter-motion and directing Plaintiff to use "every reasonable effort to obtain and produce to [D]efendants the originals (in native format, with metadata) of the [Photographs]," and permitting Defendants to conduct two non-party depositions designed to uncover the original Photographs and/or its metadata. See Dkt. Entry No. 92 at 1 (approximately **1 hr)**. The undersigned prepared for this conference the same day. See Aribakan Decl., Exhibit A. (approximately **1 hr**).

4

15. On September 10, 2018, this Court also determined in its Order that an award of attorneys' fees and costs would be required, pursuant to Fed. R. Civ. P. 37(a)(5), as against Plaintiff's counsel because he possessed but "unaccountably failed to produce" the Photographs for two and a half years, even though the Photographs were responsive to discovery requests made by Defendants during that period and because Mr. Pawar had made no effort, during those two and a half years, to obtain the original Photographs or the associated metadata, which could either confirm or contradict testimony as to the date on which the Photographs were taken, which would have been useful for trial preparation and also for settlement evaluation. See Dkt. Entry No. 92 at 2-3. This three page Order was reviewed by the undersigned. (approximately **1.5 hrs** including following up with Mr. Pawar for Dwyane Britt's contact information, and preparing 2 non-party subpoenas, as per the Court's Order).

16. On September 26, 2018, the deposition of Eric Levy, Esq. (Plaintiff's former counsel) was held pursuant to service of a subpoena (drafted on September 13, 2018) and tender of $40 witness fee on or about September 18, 2018. See Aribakan Decl. at ¶¶ 21-22 and Exhibits B1 and B3, annexed thereto. The undersigned prepped for Mr. Levy's deposition on September 25, 2018 (approximately **2.5 hrs**), and took his deposition on September 26, 2018 (approximately **2 hrs**), wherein he testified regarding his knowledge of the 15 Photographs, the lack of knowledge of the originals and relevant metadata, and the transfer of Plaintiff's file together with the Photographs to Plaintiff's current counsel Vik Pawar on March 10, 2016. See Aribakan Decl., Exhibit A.

17.     On October 1, 2018, the deposition of Dwyane Britt (Plaintiff's brother) was held pursuant to service of a subpoena (drafted on September 13, 2018) and tender of $40 witness fee[1] on or about September 20, 2018. See Aribakan Decl. at ¶¶ 21-22 and Exhibits B2 and B4, annexed thereto. The undersigned prepped for and deposed Mr. Britt (approximately 1. 25 hrs) and (approximately 1.50 hrs Ms. O'Flynn's supervision), on October 1, 2018, wherein he testified (approximately 1 hr) regarding his knowledge of the Photographs and that he took them on May 19, 2014 - the day after Plaintiff's arrest - however, he could not produce the original cellphone used to take the photos or any information associated with the Photographs' metadata. See Aribakan Decl., Exhibit A (totaling approximately **3.75 hrs**).

18.     On October 5, 2018, Defendants drafted and filed a second letter-motion (consisting of 2 substantive pages) requesting that the Court cap Plaintiff's counsels' attorneys' fees from August 8, 2017 - the date the Photographs should have been disclosed - until August 15, 2018 - the date the Photographs were disclosed - reasoning that Defendants have been prejudiced based on irretrievable loss of original Photographs, its source, and associated metadata based on Plaintiff's counsel Vik Pawar's failure to preserve evidence. Defendants further reasoned that they would have evaluated and litigated the case differently and likely made an early Rule 68 offer to cut off attorneys' fees had the Photographs and related metadata been timely provided, but instead were forced to engage in protracted discovery litigation. See Dkt. Entry No. 106 at 1-2 (approximately **2 hrs**).

19.     On October 9, 2018, Plaintiff filed a response to Defendants' second letter-motion, in part, regarding Defendants' request for cap on his attorneys' fees arguing that

---

[1] Upon information and belief, to date, Mr. Dwyane Britt has not cashed the $40 witness fee check.

6

Defendants' request is moot because they never served a Rule 68, which was reviewed by the undersigned. See Dkt. Entry No. 107.

20. On October 11, 2018, the Court issued a two page Order construing Defendants' October 5, 2018 letter-motion as a final request for sanctions - not inclusive of an attorneys' fee award - arising out of Plaintiff's counsel's failure to timely produce the Photographs in question and directed Defendants to file a reply letter setting forth (a) when Defendants would have served their Rule 68 offer; (b) the amount of the Rule 68 offer; and (c) whether Defendants were willing to serve the Rule 68 offer now so that Plaintiff may either accept or reject it on a *nunc pro tunc* basis and permitted Defendants to responds to Plaintiff's October 9, 2018 letter and further ordered a conference on October 24, 2018 at 10:00 a.m. regarding Defendants' sanctions request. See Dkt. Entry No. 108 at 1-2. The Order was reviewed by the undersigned and discussed with supervisors (approximately **1.25 hrs**).

21. On October 16, 2018, Defendants drafted and filed a revised response letter[2] (limited pursuant to Your Honor's Individual Rules to 4 pages, also including 8 pages of various exhibits), as directed by the Court, stating that if the Photographs had been produced on August 8, 2017, Defendants would have served a Rule 68 offer on August 31, 2017 in the amount of $15,001.00 and further confirmed that Defendants are willing to serve the Rule 68 offer now on *nunc pro tunc* basis. See Dkt. Entry No. 111 at 1. In their October 16, 2018 letter, Defendants made a third motion reiterating their request for an attorneys' fees award against Plaintiff's counsel Vik Pawar for needlessly and vexatiously protracting Plaintiff's lawsuit and sought additional monetary sanctions: (a) under Fed. R. Civ. P. 11 because of frivolous claims asserted

---

[2] On or about October 15, 2018, defendants filed a 15 page response letter (approximately **14 hrs**).

7

against New York City Department of Corrections ("DOC") and its officers; (b) under Fed. R. Civ. P. 37(a)(5) because of Plaintiff's counsel Vik Pawar withholding of the Photographs and failing to preserve key evidence such as the associated metadata and Mr. Britt's cellphone; and (c) under 28 U.S.C. § 1927 based on Plaintiff's counsel's vexatious litigation, including overpleading Plaintiff's case and the withholding of the Photographs. See Dkt. Entry No. 111 at 1-4. Defendants' October 16, 2018 third letter-motion further sought costs/reimbursement of the witness fees paid to take the depositions of Mr. Levy, Mr. Britt, and Dr. King (Plaintiff's expert) based on the withheld Photographs. Id. at 4 (approximately **14 hours** for the October 15 response letter and approximately **1.5 hrs** for the October 16 response letter)

22. On October 24, 2018, a hearing was held at 10:00 a.m. regarding Defendants' request for sanctions and argument was presented. See 10/24/18 Minute Entry. The undersigned prepared for and attended this conference on the same day - October 24, 2018. See Aribakan Decl., Exhibit A, (approximately **3 hrs)**

23. On February 4, 2019, at the parties' request, the Court held a settlement conference, at which point Defendants' request for sanctions was held in abeyance. Although the parties attended this settlement conference; however, a settlement was not reached and consequently required a sanctions decision.

24. On February 20, 2019, this Court issued a Sanctions Order directing Plaintiff's counsel Vik Pawar to pay to Defendants their reasonable expenses, including attorney's fees, incurred in obtaining the deposition testimony of Eric Levy and Dwyane Britt, including noticing, preparing for, and conducting the depositions; in addition, to pay to defendants their reasonable expenses incurred in making, briefing, and arguing their letter-motion dated August 21, 2018 and

their follow-up letter-motions dated October 5, 2018 and October 16, 2018 for those specific discovery sanctions requested and relief obtained arising from the same misconduct. See Dkt. Entry No. 181 at 1, 5, 9, 12, 15. The Court ordered Defendants to submit one or more declarations evidencing their recoverable attorneys' fees and costs supported by admissible evidence, including properly authenticated copies of Defendants' counsel's relevant time and expense records. Id. at 15.

25. With regards to their entitlement to attorneys' fees and costs associated with their October 5, 2018 letter-motion for an attorneys' fees cap and *nunc pro tunc* Rule 68 offer, Defendants first note that the Court directed additional briefing on this matter, which Defendants complied with (see Dkt. Entry No. 108 at 1-2; see also Dkt. Entry No. 111) and that the Court's Sanctions Order did not explicitly reject their relief for a *nunc pro tunc* Rule 68 offer as a remedy for a discovery violation, but instead left it to the discretion of the trial court (see Dkt. Entry No. 181 at 13-14).

26. With regards to their entitlement to attorneys' fees and costs associated with their October 16, 2018 letter-motion in further support of a *nunc pro tunc* Rule 68 offer and additional reasons to impose sanctions on Plaintiff and his counsel Vik Pawar, Defendants first note that, although the Court rejected the Rule 11 and 28 U.S.C. 1927 arguments, the Court's Sanctions Order did not explicitly reject their relief for a *nunc pro tunc* Rule 68 offer as a remedy for a discovery violation, but instead left it to the discretion of the trial court (see Dkt. Entry No. 181 at 13-14) and further provided for costs incurred in obtaining the depositions of Eric Levy, Esq. and Dwyane Britt (see Dkt. Entry No. 111 at 4; see also Dkt. Entry No. 181 at 15).

27. Defendants further submit, pursuant to case law, that they are entitled to fees and costs associated with their different theories of sanctions liability in connection with Plaintiff's flagrant violation of his discovery obligations even if the Court rejected such alternate theories because they "involve a common core of facts" and the legal theories are "so intertwined" which would, thus, make it difficult to divide the hours expended on a theory-by-theory basis." See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Indeed, there is no mechanical rule for making this determination. Id.

28. As further discussed in the supporting declaration, the two attorneys who worked on the case vary in seniority and experience. The principal/lead attorney, Senior Counsel Suzanne E. Aribakan has been practicing for 13 years. See Aribakan Decl. at ¶¶ 1, 10, 17. Team Leader and Senior Counsel Mary O'Flynn supervised the matter, and has been practicing for approximately 20 years. See Aribakan Decl. at ¶ 10. Attorneys with far less experience than the attorneys on this case have been awarded between $300 to $325 per hour and more in this District pursuant to 42 U.S.C. § 1988. See Aribakan Decl. at ¶¶ 13-16, 19. Given these historic awards, the Office of Corporation Counsel asserts that a blended rate of $425 per hour for the work performed by its attorneys is more than reasonable reflection of the professionalism and skill that the attorneys of the New York City Law Department bring to their representation of the City and its employees. Accordingly, defendants request reimbursement in the amount of **$21,356.25** in professional fees incurred in connection with the issues of the Photographs and related attempts to obtain the metadata or original source, including but not limited to the depositions of Eric Levy, Esq. and Dwyane Britt. See Abeyta v. City of New York, 12-CV-5623

(KBF) 2014 U.S. Dist. LEXIS 33766, *17 (S.D.N.Y. March 7, 2014) (awarding $211,747.50 in attorneys' fees to the City).

29. Defendants also seek costs associated with litigating the matter of the withheld Photographs and irretrievably lost metadata, which includes the cost of the service of subpoenas on the two non-party witnesses - Eric Levy, Esq. and Dwayne Britt, of the non-party witnesses' subpoena fees ($80.00), and of the transcripts of the depositions of Eric Levy ($219.40), and of Dwayne Britt ($201.40). Defendants request reimbursement of costs in the total amount of ($500.80). See Exhibit B, collectively, annexed to the Aribakan Decl.

30. In sum, defendants request a total of **$21,857.05** ($21,356.25 in attorneys' fees + $500.80 in costs) in attorneys' fees and costs that were necessary to litigate this matter.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, recollection, and belief.

Dated: New York, New York
      March 6, 2019

*Suzanne Aribakan*
Suzanne E. Aribakan
*Senior Counsel*
Special Federal Litigation Division

cc:   Vik Pawar, Esq. (**via ECF**)
      *Attorney for Plaintiff*