# PAWAR LAW GROUP P.C.

ATTORNEYS AT LAW

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

**ROBERT BLOSSNER**
**VIK PAWAR**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

NEW JERSEY OFFICE:

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

March 20, 2019

**BY ECF**

The Honorable Barbara C. Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Troy Britt v. The City of New York, et al.*, 17 CV 931 (AJN) (BCM)

Dear Judge Moses:

      We submit this letter-brief in response to defendants' application for fees and costs pursuant to Your Honor's Order dated February 20, 2019 (hereinafter "Sanctions Order"). *See Exhibit 1*. We are grateful for Your Honor to impose the "mildest" of sanction on Mr. Vik Pawar, *Seena Int'l Inc. v. One Step Up*, 2016 U.S. Dist. LEXIS 64850, 15-CV-01095 (PKC) (BCM) and note that Your Honor "must" impose sanction under Rule 37(a).

      We address defendants' application in the following order:

1. Expenses,

2. Appropriate hourly rate for attorney and paralegal work,

3. Scope of the sanctions, and

4. Appropriate reduction for vague and duplicative work.

1. **Expenses**:

We do not object to any of the expenses for subpoena fees[1] or costs of depositions transcripts. Therefore, we accept the amount of **$500.80** as expenses.

2. **Appropriate hourly rate**:

Defense counsel does not cite any case law as to why the requested rate of **$425/hour** is appropriate. While defense counsel cites to Mr. Pawar's "conduct" during litigation, defense counsel fails to note that with the Sanctions Order, Mr. Pawar is being sanctioned for his conduct and that he gained no tactical advantage from withholding the photographs. Not only would the photographs have strengthened plaintiff's case, but as the Court noted in its Order, defense counsel stated on the record that she had no reason to doubt the authenticity of the photographs something that Mr. Pawar maintained since the day he discovered the photographs that had been sent to him. As such, there is no need for an upward mobility in the rate.

We do not disagree that even though blended rates are disfavored by the Second Circuit, district courts have adopted this approach when it comes to entities such as the NYC Law Department.[2] We respectfully suggest the blended rate of **$250/hour** is more appropriate. In *Abeyta v. The City of New York*, 2014 U.S. Dist. LEXIS 33766 (KBF) (judgment on fees entered on February 25, 2015), the Court adopted the Law Department's request of $300/hour as a "blended" rate. In that case, five attorneys were involved. They included the current Division Chief of the Special Federal Litigation Division[3] who had 27 years of experience, two senior counsel who had 27 years of collective experience and two assistant counsel who had a combined experience of 25 years. The average years of practice for the five attorneys were nearly 20 years each. Here, the average years of practice for the two attorney is approximately 14 years with a major portion if not the entire portion of the work generated by defense counsel who has less than 10 years of experience. Therefore, we respectfully suggest that a rate of **$250/hour** is appropriate as a "blended" rate.

---

[1] In our last and most recent conversation with plaintiff's brother Dwayne Britt he indicated that he has not cashed the $40 check and does not know where it is. But we are not disputing that amount.

[2] Although the Second Circuit has not endorsed the use of a blended rate, *see McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 (2d Cir. 2006), courts in this Circuit have awarded attorneys' fees based on blended rates in cases involving attorneys at the Law Department. *See e.g. Abeyta v. City of New York*, No. 12-CV-5623, 2014 U.S. Dist. LEXIS 33766, 2014 WL 929838, at *4 (S.D.N.Y.), *aff'd*, 588 F. App'x 24 (2d Cir. 2014) (The Law Department "does not routinely bill its clients for professional services and therefore does not have a formal 'billing rate.'" ).

[3] This action is being handled solely by counsel from that Division.

### 3. Scope of the Sanctions

The Court's Sanctions Order states that "[Mr. Pawar]… shall pay to defendants, as a discovery sanction, defendants' reasonable costs, including attorneys' fees, incurred in connection with (a) the depositions of Eric Levy, Esq., and Dwayne Britt, and (b) defendants' successful letter-motions to compel and for sanctions." *Exhibit 1*. The discovery sanction was the result of Mr. Pawar's failure to turnover 15 color photographs that he had in his possession for an extended period.[4] However, in their motion for fees, defendants impermissibly expanded the scope of the Sanctions Order and requested reimbursement for items that were not allowed by the Court. After a written application to the Court, the Court directed us to address the "scope" in this reply.

Attached as *Exhibit 4* is a calculation of **31 hours and 15 minutes** in entries that are addressed to the Sanctions Order. Attached as *Exhibit 5*, is a calculation of **15 hours and 30 minutes** of billing that should not be attributed to the Sanctions Order.[5]

### A. Incorrect or vague billing as to *Exhibit 4*.

1. Defense counsel requests a total of three (3) hours for the combined depositions of Mr. Britt and Mr. Levy. However, her sworn declaration notwithstanding, a look at the beginning of both those depositions show that they last a few minutes over 2 hours. Therefore, defense counsel impermissibly billed for an extra hour. *See Exhibit 3*.

2. Defense counsel declares three (3) hours for the discovery sanction conference before Your Honor. However, a reading of the transcript (*Exhibit 2*) shows that the conference could not have lasted more than an hour. Even then, majority of the conference was devoted to issues such as sealing publicly filed documents (for which Mr. Pawar was already admonished), and requested sanctions pursuant to 28 U.S.C. 1927, Rule 11, and Rule 37(b), none of which were successful. Nevertheless, we do not contest the one hour for the conference. Travel time for defense counsel should be limited to half of the "blended" hourly rate of $250/hour. *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 540("[T]ravel time is appropriately compensated at half of counsel's normal billing rate."). Defense counsel should instead be only allowed $500 for total compensation for the conference ($250/hour for the one-hour conference and 30 minutes each for travel at $125/each).

3. Defendants seek approximately 15 hours for filing a letter motion seeking to extend discovery to depose Mr. Levy and obtain the "meta-data" from the 15 newly discovered photographs. However, that motion contained information relating to Dr. King and additional items that are not subject to the Sanctions Order. What amount of time was devoted strictly to the extension of discovery and photographs and amount of time needed to review the opposition is vague (almost half of it deals with Dr. King and something that

---

[4] The Court did not find that Mr. Pawar intentionally withheld the photographs and Mr. Pawar stated that it was a mistake and neither plaintiff nor counsel obtained any tactical advantage from the failure to timely disclose.

[5] We calculated a combined total of **47 hours and 30 minutes** versus **50 hours and 15 minutes** requested by defendants.

is not part of the Sanctions Order).  <u>See Declaration of Ms. Suzanne Aribakan</u> ¶¶ 4 through 6 and ¶ 13.

4. In addition, ¶ 7-8 consists of purely clerical work. *See Marisol A. v. Giuliani*, 111 F. Supp. 2d 381, 390-91 (S.D.N.Y. Aug. 30, 2000) (finding that clerical services are part of overhead and are not generally charged to clients or recoverable).

5. Defense counsel also claims that defendants should be rewarded for 14 hours of time spent on another motion (this time under 28 U.S.C. 1927, Rule 11 and Rule 37 (b)). However, the 15-page motion created by defense counsel violated the Court's individual rules of practice in submitting an impermissible number of pages. This caused defense counsel to shorten the motion because of her own failure and thus should not be attributable to the Sanctions Order. In addition, defense counsel used "boiler-plate" language from the Law Department's "brief bank" on unnecessary motion under 28 U.S.C. 1927[6], Rule 11[7] and Rule 37 (b)). A five-minute review of the basis for the "boiler-plate" motion "brief bank" and the Court's rules would have obviated the need for such a large expenditure of time on a motion that lacked the substance necessary for the relief sought. Filing a motion under these provisions was improper, the Court viewed it as such at the conference and Mr. Pawar should not be charged for it. *See Exhibit 2*.

6. There were also several entries in *Exhibit 4* that vaguely states discussion on how to proceed but fails to show exactly what was discussed and what steps were contemplated to recover the "meta-data."

The motion before the Court was relatively simple. Plaintiff and his counsel did not contest it vigorously (although we did suggest an alternative to depositions – such as an affidavit from Mr. Eric Levy, a member of the SDNY bar). In addition, the motion was straightforward and came from a "brief bank" that is used routinely by the attorneys at the Law Department. *See Giudice v. Harlan*, 15 Civ. 7330 (LTS) (JCF), 2017 U.S. Dist. LEXIS 19344, 2017 WL 564085, at *4 (S.D.N.Y. Feb. 10, 2017) (denying application for attorney's fees, in part, because the burden of drafting and reviewing the motion "has been limited to the work performed on a relatively straightforward motion."). However, we do not contest that defendants should be awarded attorney fees but not to the number of hours suggested and not at the rate requested.

---

[6] With respect to the motion for sanctions pursuant to § 1927, the standard for the issuance of such sanctions is high. "To impose sanctions under either [§ 1927 or the court's inherent authority], the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997). "The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991).

[7] The Supreme Court has held that the Rule 11's central purpose "is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). In light of the relatively narrow scope of Rule 11, sanctions should be "limited to what is sufficient to deter repetition of such conduct." *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000).

Second, defendants should not be allowed to bill for attorney hours when the work could be accomplished by a paralegal or clerk. Defendants seek compensable attorney hours for preparing a subpoena, checking the docket etc. As noted by the courts in the cases cited by defendants, the Law Department does not have a separate billing system for paralegals or clerical work. Therefore, these tasks should not be compensable since no records were kept. However, if the Court is inclined to accept this fee request, we respectfully submit that these tasks constitute paralegal work and should be billed at a paralegal rate of $110 per hour. *See Tatum v. City of New York*, No. 06-cv-4290 (PGG) (GWG), 2010 U.S. Dist. LEXIS 7748, 2010 WL 334975, at *9 (S.D.N.Y. Jan. 28, 2010) (awarding paralegal rates for attorney time spent monitoring the case's progress on ECF); *New York Youth Club v. Town of Harrison*, No. 12-CV-7534 (CS), 2016 U.S. Dist. LEXIS 87465, 2016 WL 3676690, at *19 (S.D.N.Y. July 6, 2016) (applying a rate of $100 an hour to paralegal tasks).

Third, a look at *Exhibit 5* shows that defendants seek compensation for items that was unrelated to the Sanctions Order. For example, checking to see whether plaintiff's Legal Aid Lawyers were listed as witnesses, checking the Notice of Claim, work put in for unrelated work involving Dr. King and other unrelated miscellaneous tasks. In addition, permission to make a Rule 68 offer of judgment should not be compensable especially since to this day, no offer was made, and it was simply a ruse to suggest that one would have been made if the photographs were first discovered. This is especially true because defense counsel consistently stated that plaintiff was not assaulted and because plaintiff is a "violent" man, no reasonable offer would be placed on the table. Therefore, we respectfully submit that 15 hours and 30 minutes outlined in *Exhibit 5* are unrelated. With respect to the application for attorney fees (for 31 hours and 15 minutes) in *Exhibit 4* which we concede is attributable to the Sanctions Order, this Court should apply an across the board cut. For example, defendants billed for 3 hours of combined depositions of Mr. Britt and Mr. Levy when the record demonstrates that only 2 hours were spent. In addition, defendants billed for travel time of 2 hours when only an hour is compensable at the attorney rate. Out of the 29 hours and 15 minutes, this Court should note the vagueness in hours, duplicative work and unnecessary work that defense counsel put in and now seeks compensation for.[8]

If the Court adopts the suggested rate of $250/hour as the blended rate and adopts the 29 hours and 15 minutes as compensable hours, the total comes out to $7,312.50. However, we respectfully submit that the Court should apply a 30 percent across the board cut because defendants have billed at attorney rate the work that should be billed for half that rate for paralegal and clerical tasks. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) due to the vague billing in making a reduction in hours for excessive, redundant or unnecessary hours, the district court may make an across-the-board percentage cut in hours. *Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 4 (2d Cir. 2013). Percentage reductions to fee applications are "a practical means of trimming fat from a fee application." *See Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015) (affirming district court's 30% reduction where the district court found that so-called "block-billing" had "frustrated meaningful review of the reasonableness of the claimed hours); *Andrews v. City of New York*, 118 F. Supp. 3d 630, 644,

---

[8] "[T]he district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

2015 U.S. Dist. LEXIS 101115, 2015 WL 4622489, at *12 (S.D.N.Y. 2015) (The vagueness of an attorney's time entries is a basis to reduce the fee award). Moreover, "[c]ourts frequently respond to vague and difficult-to-decipher billing statements with an across-the-board percentage reduction in the fees claimed, often in the range of 20-30 percent," *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, No. 10 CIV. 05256 (KMW) (DF), 2012 U.S. Dist. LEXIS 164261 at *11 (S.D.N.Y. Nov. 14, 2012) (collecting cases), *see also Williamsburg Fair Hous. Comm. v. N.Y.C. Hous. Auth.*, No. 76 Civ. 2125 (RWS), 2007 U.S. Dist. LEXIS 11328 at *5 (S.D.N.Y. Feb. 14, 2007) (applying a reduction of over 50 percent) and *Wise v. Kelly*, 620 F. Supp. 2d 435, 452 (S.D.N.Y. 2008) (reducing fees by 25 percent because certain entries were too vague to enable the court to assess their reasonableness).

We respectfully submit that a total compensation of $5,118.75 in fees plus $500.80 as expenses for a total of $5,619.05 is appropriate. Fed. R. Civ. P. 37(a) provides that whenever a party makes a successful motion to compel disclosure, the court "must," award the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant failed to make good-faith efforts to resolve the matter without court intervention, the **nondisclosure was substantially justified, or other circumstances make such an award unjust.** *Seena Int'l Inc. v. One Step Up*, 2016 U.S. Dist. LEXIS 64850, 15-CV-01095 (PKC) (BCM) (emphasis added). This Court has "broad discretion" to determine the nature of any sanction that should be imposed under Rule 37, **"based on all the facts of the case."** *AAIpharma Inc. v. Kremers Urban Dev. Co.*, No. 02 Civ. 9628 (BSJ) (RLE), 2006 U.S. Dist. LEXIS 79815, at *13 (S.D.N.Y. Oct. 31, 2006); *see also Schiller v. City of New York*, No. 04 Civ. 7922 (RJS) (JCF), 2008 U.S. Dist. LEXIS 79620, at *12 (S.D.N.Y. Oct. 9, 2008) (emphasis added). Mr. Pawar has accepted full responsibility since the time he discovered that he had possession of the photographs and failed to turn them over. Mr. Pawar does not contest that defendants are entitled to reasonable attorney fees and costs. We are, once again, thankful that the Court has decided to impose this mildest form of sanction.

Thank you.

Respectfully,

Robert Blossner (RB0526)
Vik Pawar (VP9101)